IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JOHN MATTHEWS,
          *Plaintiff,*

v.                                                          Civil No. 25-2353

BARCLAY BANK,
          *Defendant.*

**MEMORANDUM**

**Costello, J.**                                                          **May 4, 2026**

Plaintiff John Matthews, proceeding *pro se*, claims he had a credit card account with Defendant Barclay Bank that he paid in full and then closed.  Plaintiff alleges that after the account was supposedly closed, Defendant allowed a charge to the account.  Plaintiff claims he was unaware of the charge and did not make a timely payment.  Defendant subsequently reported to credit reporting agencies that Plaintiff's account was past due.  Plaintiff alleges that Defendant violated the Fair Credit Reporting Act ("FCRA") and acted negligently in allowing the unauthorized charge and reporting his account as past due.  Defendant moved to dismiss the complaint.  As is discussed in more detail below, Plaintiff has failed to state an FCRA claim.  In addition, Plaintiff's negligence claim is partially preempted by the FCRA.  In any event, the Court declines to exercise supplemental jurisdiction over the negligence claim in light of the dismissal of the FCRA claim.  Accordingly, the Court will grant the Defendant's motion.

## I.  FACTUAL ALLEGATIONS

Plaintiff had a credit card account with Defendant and paid the balance in full in November 2019.[1]  ECF No. 1-1 ¶ 4.  Defendant then agreed to close the account.  *Id.*  However, Defendant kept the account open until July 2020.  *Id.* ¶ 5.  Sometime between November 2019, when Plaintiff believed the account was closed, and July 2020, when the account was actually closed, Plaintiff's wife incurred a charge of $9.56 on the account.  *Id.* ¶ 6.  Plaintiff later learned that his wife had placed her card, which was associated with his account, on file with New York Parking Authority at some time prior to the account being closed.  *Id.* ¶ 7.  Because Plaintiff did not know about the charge on the closed account, he did not make timely payment.  *Id.* ¶ 7.  Subsequently, Defendant reported the account as "30 days late" to one or more credit reporting agencies.  *Id.* ¶ 9.

## II.  LEGAL STANDARD

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must "state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is facially plausible if the plaintiff pleads facts sufficient to support a "reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Facial plausibility demands "more than a sheer possibility that a defendant has acted unlawfully."  *Id.*

Assessing plausibility under *Twombly* requires three steps.  *See Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016).  First, the Court must "take note of the elements the plaintiff must plead to state a claim."  *Id.* (internal quotations and alterations omitted).  Next, the

---

[1]   For purposes of deciding this motion, the Court accepts Matthews' factual allegations as true.

Court must "identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.'" *Id.* (quoting *Iqbal*, 556 U.S. at 679). Finally, the Court must accept as true all "'well-pleaded factual allegations,'" draw all reasonable inferences from those allegations, and "'determine whether they plausibly give rise to an entitlement to relief.'" *Id.* (quoting *Iqbal*, 556 U.S. at 679) (alterations omitted). "If the well-pleaded facts do not nudge the 'claims across the line from conceivable to plausible,' the Court must dismiss the complaint." *Lynch v. Tasty Baking Co.*, 23cv4445, 2024 WL 967842, at \*2 (E.D. Pa. Mar. 6, 2024) (quoting *Twombly*, 550 U.S. at 570).

*Pro se* pleadings are to be construed liberally. *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244 (3d Cir. 2013). Still, a *pro se* litigant "cannot flout procedural rules – they must abide by the same rules that apply to all other litigants." *Id.* at 245 (citing *McNeil v. United States*, 508 U.S. 106, 113 (1993)).

## III.    DISCUSSION

### A.    The FCRA Claim

Defendant argues that the complaint fails to state an FCRA claim because Plaintiff did not allege that he disputed the charge with a credit reporting agency. The Court agrees. To allege a violation of 15 U.S.C. § 1681s-2(b), Plaintiff "must plead facts supporting a conclusion that Defendant furnished incomplete or inaccurate information" to credit reporting agencies. *Richardson v. Hyundai Capital Am. Inc.*, 25cv5718, 2026 WL 927227, at \*2 (E.D. Pa. April 6, 2026) (citing *Seamans v. Temple Univ.*, 744 F.3d 853, 866-67 (3d Cir. 2014)). To do so, Plaintiff must allege that he filed a notice of dispute with a consumer reporting agency; the consumer reporting agency notified the furnisher of information of the dispute; and the furnisher of

information failed to investigate and modify the inaccurate information.[2]  *Id.* (citing *Harris v. Pa. Higher Educ Assistance Agency/Am. Educ. Servs.*, 16cv693, 2016 WL 3473347, at *6 (E.D. Pa. June 24, 2016) *aff'd by* 696 F. App'x 87 (3d Cir. 2017)) (collecting cases).  A furnisher, such as Defendant, does not have any duty to investigate what it reported to a credit reporting agency, absent the credit reporting agency receiving notification of a dispute.  *See Krajewski v. Am. Honda Fin. Corp.*, 557 F. Supp. 2d 596, 609 (E.D. Pa. 2008).  Further, a "consumer's direct dispute to the furnisher does not trigger a furnisher's duties under § 1681s-2(b)."  *Hopkins v. I.C. Systems, Inc.*, 18cv2063, 2020 WL 2557134, at *6 (E.D. Pa. May 20, 2020) (quoting *Shap v. Capital One Fin. Corp.*, 11cv4461, 2012 WL 1080127, at *5 (E.D. Pa. Mar. 30, 2012)).  Instead, the dispute must first be raised with the credit reporting agency.  *See Hopkins*, 2020 WL 2557134, at *6 (no duty to investigate based on § 1681s-2(b) based on direct dispute with furnisher); 15 U.S.C. § 1681s-2(c)(1) (no private cause of action for violation of furnisher's duty to investigate direct dispute with consumer).

Plaintiff does not allege that he filed a dispute with a credit reporting agency about the charge on his Barclay Bank account.  In response to the motion to dismiss, Plaintiff claimed to have disputed the accuracy of the Barclay Bank charge with various credit reporting agencies.  ECF No. 10 at 2.[3]  Plaintiff claims that the dispute was initiated through a legal services

---

[2]    "A 'furnisher' is an entity which transmits information about a particular debt owed by a particular consumer to a consumer reporting agency." *Lewis v. Capital One Bank*, 21cv5524, 2022 WL 17364641, at *5 (E.D. Pa. Dec. 1, 2022) (citing *Donohue v. C. Blosenski Disposal Co.*, 05cv5356, 2006 WL 3423888, at *3 (E.D. Pa. Nov. 28, 2006); 16 C.F.R. § 660.2(c)).  Defendant is a furnisher of information because it supplied credit information to a credit reporting agency. *See id.*; ECF No. 1-1 ¶ 16.

[3]    Although Plaintiff's opposition was untimely, because Plaintiff is a *pro se* litigant the Court is exercising its discretion to consider this late filing. *See Jones v. Gemalto, Inc.*, 15cv673, 2015 WL 3948108, at *2 n.3 (E.D. Pa. June 29, 2015); *DePhillips v. Equifax Inc.*, 22cv3427, 2023 WL 238824, at *1 (D.N.J. Jan. 18, 2023).  Therefore, the Court will deny Defendant's request to consider its motion as unopposed.

organization known as Lexington Law Group.  *Id.*  These claims were not included in the complaint.  Raising them in response to the motion to dismiss does not serve to amend the complaint.  *See Com. of Pa. ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988) (citation omitted) (noting that "the complaint may not be amended by the briefs in opposition to a motion to dismiss.").  Because Plaintiff did not allege that he filed a dispute with a credit reporting agency, his FCRA claim fails.[4]

### B.    The Negligence Claim

Next, Defendant argues that Plaintiff's negligence claim is preempted by the FCRA.  The Court agrees in part.  The FCRA contains two separate preemption provisions, only one of which is relevant here.  *See Grossman v. Trans Union, LLC*, 992 F. Supp. 2d 495, 497-98 (E.D. Pa. 2014) (citing 15 U.S.C. §§ 1681t(b)(1)(F); 1681h(e)).[5]  Section 1681t(b)(1)(F) provides that "[n]o requirement or prohibition may be imposed under the laws of any State . . . with respect to any subject matter regulated under . . . section 1681s-2 of this title, relating to the responsibilities of persons who furnish information to consumer reporting agencies."  *Id.* (quoting 15 U.S.C. § 1681t(b)(1)(F)).  Applying Section 1681t(b)(1)(F)'s preemption provision, the court in *Grossman* found that a state law negligence claim based on conduct that allegedly violated § 1681s-2 was preempted by the FCRA.  *Id.* at 500.

Here, Plaintiff's negligence claim has alleged two bases: (1) Defendant's allowance of a charge to his account after the account had supposedly been closed; and (2) Defendant's wrongful reporting of a delinquency.  ECF No. 1-1 ¶¶ 14-15.  Because Defendant's alleged

---

[4]    Because Plaintiff's FCRA claims fail for this reason, the Court does not address Defendant's other arguments in support of dismissing Plaintiff's FCRA claims.

[5]    Section 1681h(e) does not apply to this case.  *See Burrell v. DFS Services, LLC*, 753 F. Supp. 2d 438, 450 (D.N.J. 2010) (quoting 15 U.S.C. § 1681h(e)).

wrongful reporting is expressly covered by Section 1681s-2(b), Plaintiff's claim alleging

negligent reporting is preempted by Section 1681t(b)(1)(F).

Plaintiff's claim alleging that Defendant was negligent for allowing a charge on his

supposedly closed account, however, is not preempted by the FCRA. Such preemption extends

only to state law claims involving "actions taken in connection with consumer credit reporting."

*Hutchinson v. Delaware Sav. Bank FSB*, 410 F. Supp. 2d 374, 384 (D.N.J. 2006). Defendant's

alleged negligence in allowing the charge to be posted was not an action taken in connection

with consumer credit reporting. Therefore, Plaintiff's negligence claim is not totally preempted

by the FCRA. However, because the Court is dismissing Plaintiff's only federal claim, it will

decline to exercise supplemental jurisdiction over his negligence claim. *See* 28 U.S.C.

§ 1367(c)(3). Therefore, Plaintiff's state law negligence claim is dismissed without prejudice.[6]

---

[6] Because Plaintiff may be able to allege plausible FCRA and negligence claims, the Court will dismiss his complaint without prejudice and afford him leave to amend. *See Phillips v. Cty. of Allegheny*, 515 F.3d 224, 236 (3d Cir. 2008) (unless amendment would be inequitable or futile courts should generally afford a plaintiff leave to amend when granting a motion to dismiss).

## IV.   CONCLUSION

The Court will dismiss Plaintiff's FCRA claim because Plaintiff did not allege that he disputed the charge at issue with a credit reporting agency.  The Court will dismiss Plaintiff's negligence claim because it is preempted by the FCRA and because the Court declines to exercise supplemental jurisdiction in the absence of any federal claim.

An appropriate Order will follow.[7]

BY THE COURT:

_____
MARY KAY COSTELLO, J.

---

[7]   Plaintiff also filed a motion to amend his opposition to Defendant's motion to dismiss because he incorrectly titled it a "sur-reply" rather than an opposition.  ECF No. 12.  Because the Court has fully considered Plaintiff's opposition to Defendant's motion, the Court will deny this motion as moot.