**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **JOHN MATTHEWS,**<br>*Plaintiff*<br>**v.**<br>**BARCLAY BANK,**<br>*Defendant* | **Civil No. 25-2353** |

**MEMORANDUM**

**Costello, J.** **November 13, 2026**

Plaintiff John Matthews sued Defendant Barclays Bank Delaware (erroneously sued as "Barclay Bank") for violations of the Fair Credit Reporting Act. Plaintiff alleged he had a credit card account with Defendant that he paid in full and then closed. After it was supposedly closed, Defendant allowed a charge on the account. Plaintiff claims he was unaware of this charge and did not timely pay. Defendant subsequently reported to credit reporting agencies that Plaintiff's account was past due. This Court dismissed Plaintiff's Complaint for failure to state a claim and provided Plaintiff three weeks to submit an amended complaint, which he failed to do.

Barclays Bank has moved to dismiss the suit for failure to prosecute under Federal Rule of Civil Procedure 41(b). For the reasons that follow, the Court will grant Barclays Bank's motion.

## I. BACKGROUND

Plaintiff filed his initial complaint in the Montgomery County Magisterial District Court on November 14, 2024. Notice of Removal at 36 (ECF No. 1-3). After the suit was dismissed without prejudice, Plaintiff appealed the case to the Court of Common Pleas of Montgomery

County on March 18, 2025. ECF No. 1-2. Defendant removed the case to this Court on May 8, 2025. ECF No. 1.

Defendant moved to dismiss the complaint on May 29, 2025. D.'s Mot. Dismiss (ECF No. 9). This Court granted Defendant's motion on May 4, 2026 and provided Plaintiff with three weeks to file an amended complaint. Order (ECF No. 16). Plaintiff then failed to meet this deadline. On June 12, this Court issued a Show Cause Order to Plaintiff as to why this case should not be dismissed for lack of prosecution for failure to file an amended complaint. ECF No. 18. Plaintiff failed to respond. On June 25, 2026, Defendant moved to dismiss the case for lack of prosecution. D.'s Mot. Dismiss for Lack of Prosecution (ECF No. 19). Plaintiff again issued no response.

## II. LEGAL STANDARD

Involuntary dismissals with prejudice are "drastic sanctions, only appropriate in limited circumstances[.]" *Hamer v. LivaNova Deutschland GmbH*, 994 F.3d 173, 177 (3d Cir. 2021) (internal quotations and citations omitted). District courts must consider the factors set forth in *Poulis v. State Farm Fire & Casualty Company*, 747 F.2d 863 (3d Cir. 1984), in deciding whether to involuntarily dismiss a complaint for failure to prosecute. *Goodson v. City of Phila.*, No. 24-1438, 2025 WL 2437831, at *3 n.17 (3d Cir. Aug. 25, 2025). Thus, the Court must consider: (1) the extent of the party's personal responsibility in failing to timely prosecute a case; (2) prejudice to the adversary; (3) history of dilatoriness; (4) whether the attorney's conduct was willful or in bad faith; (5) the availability of alternative sanctions; and (6) the meritoriousness of the underlying claims. *Poulis*, 747 F.2d at 868-70. No single factor is dispositive, and courts should consider them on balance. *Swiderski v. Harman*, 336 F.R.D. 98, 107 (E.D. Pa. 2020).

"[D]oubts should be resolved in favor of reaching a decision on the merits." *Hamer*, 994 F.3d at 177.

## III. DISCUSSION

The first *Poulis* factor considers the extent of the party's personal responsibility. When the plaintiff is pro se, they are personally responsible for complying with court orders and it is logical to hold them personally responsible for delays. *Briscoe v. Klaus*, 538 F.3d 252, 258-59 (3d Cir. 2008); *Emerson v. Thiel Coll.*, 296 F.3d 184, 190 (3d Cir. 2002) (finding that where the litigant was proceeding pro se, any failure to comply with orders was attributable to him). Here, Plaintiff has failed to file an amended complaint, respond to this Court's show cause order, or otherwise litigate this case in the past year. This Court has not heard from Plaintiff in this matter since last November. Therefore, this factor weighs in favor of dismissal.

The second *Poulis* factor is the extent of the prejudice to the litigant's adversary. Although this case has not proceeded past the motion to dismiss stage, it is "unclear how this case could proceed without plaintiff's participation," as there is no complaint for Defendant to defend against. *Miller v. Weaver Landscaping*, No. 21-4484, 2022 WL 716769, at *2-3 (E.D. Pa. Mar. 10, 2022) (dismissing case for failure to prosecute after plaintiff failed to file amended complaint because "there is no way for this litigation to progress without [plaintiff]'s participation"). Additionally, Plaintiff's failure to file an amended complaint "has prolonged the resolution of this case and [Defendant has been] burdened because there is no finality as to the Court's prior dismissal." *Thomas v. City of Philadelphia*, No. 14-6036, 2020 WL 4334827, at *3 (E.D. Pa. July 28, 2020). This factor, therefore, weighs in favor of dismissal.

The third *Poulis* factor considers the litigant's history of dilatoriness. It has been one year since this Plaintiff took any action in connection with this case. Plaintiff took over four

months to respond to Defendant's Motion to Dismiss, and another month to respond to Defendant's Reply. This, in addition to Plaintiff's failure to file an amended complaint and respond to this Court's show cause order, is a "pattern of tardiness and inaction [that] demonstrates a history of dilatoriness." *Titterton v. Jenkintown Borough*, No. 20-5869, 2021 WL 4318035, at *3 (E.D. Pa. Sept. 22, 2021). *See Drayton v. Spotts*, No. 19-1265, 2019 WL 5167011, at *2 (E.D. Pa. Oct. 15, 2019) (finding plaintiff had a history of dilatoriness for disregarding two court orders). Therefore, this factor too weighs in favor of dismissal.

The fourth *Poulis* factor evaluates the litigant's willfulness or bad faith in failing to respond. Courts have generally found that silence from plaintiffs is ambiguous. *See Crews v. Resnick*, No. 16-978, 2017 WL 1232182, at *6 (E.D. Pa. Apr. 4, 2017). *But see Olive v. Whelan*, No. 25-5278, 2026 WL 1113320, at *4 (E.D. Pa. Apr. 24, 2026) (finding that plaintiff's failure to respond is a "pattern of conduct [that] demonstrates not only a blatant disregard for established judicial process, but also a willful refusal to comply with the Court's orders"). As Plaintiff has failed to respond to this Court entirely, it is unclear the reason for his conduct. This factor is thus neutral.

The fifth *Poulis* factor considers the availability of alternative sanctions. Plaintiff's failure to file an amended complaint leads to the conclusion that he has abandoned his case. This is "a complete barrier to this case proceeding." *Cammarano v. Weaver*, No. 25-2117, 2026 WL 27561, at *4 (E.D. Pa. Jan. 5, 2026) (finding this to be true when the plaintiff failed to respond to the defendant's motion to dismiss). When a plaintiff fails to prosecute his action, no sanction outside of dismissal would be appropriate. *Briscoe v. Klaus*, 538 F.3d 252, 262 (3d Cir. 2008). *See Drayton*, 2019 WL 5167011, at *3 (holding that lesser sanctions would not be an effective

alternative when plaintiff is a pro se litigant who will not comply with court orders). Accordingly, this factor weighs in favor of dismissal.

The sixth and final *Poulis* factor weighs the meritoriousness of the litigant's underlying claim. This Court dismissed Plaintiff's original Complaint for failure to state a claim. ECF No. 16. He has not replaced it. Therefore, there is nothing to suggest that Plaintiff can improve upon his alleged claims. *Titterton v. Jenkintown Borough*, No. 20-5869, 2021 WL 4318035, at *4 (E.D. Pa. Sept. 22, 2021); *Thomas v. City of Philadelphia*, No. 14-6036, 2020 WL 4334827, at *4 (E.D. Pa. July 28, 2020) ("Without an amended complaint, there is no basis to determine whether [Plaintiff]'s claims would have any merit or survive dismissal."). This factor thus weighs in favor of dismissal.

## IV. CONCLUSION

Five factors weigh in favor of dismissal while one is neutral. No factors weigh against dismissal, and Plaintiff appears to have abandoned his case. As such, Defendant's Motion to Dismiss for Failure to Prosecute is granted. An appropriate Order follows.

**BY THE COURT:**

[signature]

MARY KAY COSTELLO
United States District Judge